IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES E. THOMPSON                                                                  PLAINTIFF

V.                                                             CAUSE NO. 3:15cv160 DPJ-FKB

HANNA TIEP AND STATE FARM                                                          DEFENDANTS
MUTUAL AUTOMOBILE INSURANCE COMPANY

## NOTICE OF REMOVAL

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through counsel, presents this Notice of Removal of the cause described below from the County Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and states as follows:

### I. JURISDICTION AND VENUE

1. This civil action was originally commenced by Plaintiff in the County Court of the First Judicial District of Hinds County, Mississippi, against Hanna Tiep only, and proceeded in that Court under cause number 13-3336. Plaintiff filed his First Amended Complaint on February 11, 2015, adding State Farm Mutual Automobile Insurance Company as a defendant.

2. This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §§1332, 1441 and 1446.

### II. DIVERSITY OF CITIZENSHIP JURISDICTION

3. This action is properly removed to this Court pursuant to 28 U.S.C. §§1332 and 1441, since the proper parties to this matter as to the claims against State Farm are of entirely diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Complete diversity of citizenship exists between Plaintiff and State Farm. The claims against State Farm have been fraudulently joined and/or egregiously misjoined with the claims against

1

the other defendant, Hanna Tiep, such that this Court has jurisdiction over Plaintiff's claims against State Farm. Plaintiff's claims against Hanna Tiep should be severed from the claims against State Farm, and remanded back to state court.

### III. PARTIES

5. Upon information and belief, at the time of the filing of the First Amended Complaint and at all times pertinent to this removal, Plaintiff, James Thompson was a resident citizen of the State of Mississippi. (See First Amended Complaint, Exhibit "A", paragraph 1)

6. Defendant State Farm is a mutual company, organized under and pursuant to the laws of the State of Illinois, and not Mississippi, having its principal place of business in the State of Illinois.

7. Defendant Hanna Tiep, upon information and belief, is an adult resident citizen of the State of Mississippi. However, as shown herein, Plaintiffs' claims against Tiep have been egregiously misjoined in this action. As a result, and as requested herein, Plaintiffs' claims against Tiep should be severed by this Court from Plaintiffs' claims against State Farm. Because Defendant Tiep has been egregiously misjoined, her consent is not required for this removal. *Rico v Flores*, 481 F. 3d 234, 239 (5th. Cir. 2007); *Cooks v Saga Broadcasting*, LLC, 2013 WL 3280301 (N.D. Miss. June 27, 2013).

### IV. AMOUNT IN CONTROVERSY

8. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Thompson has asserted claims for Uninsured Motorist Coverage benefits under three State Farm policies. Plaintiff's amended complaint also demands unspecified punitive damages for purported acts of bad faith. (See First Amended Complaint, Exhibit "A", paragraph 29 and unnumbered ad damnum clause). Plaintiffs' claim for unspecified punitive damages is alone sufficient to meet the jurisdictional limit of this Court pursuant to Mississippi law. See *Brasel v. Unumprovident Corp.*, 2001 WL 1530342, at n2 (N.D. Miss., Oct. 25, 2001) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250,

1255 (5th Cir. 1998); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F.Supp. 2d 423, 428-429 (N.D. Miss. 1998); *Marcelv v. Poole Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Ins. Co. v. Hilben*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)); see also *Montgomery v. First Family Fin. Serv Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (Mississippi federal courts consistently hold that an unspecified amount claimed as punitive damages under Mississippi law is deemed to satisfy the amount in controversy requirement for federal diversity jurisdiction).

## V.   EGREGIOUS MISJOINDER OF DEFENDANT TIEP

9.   Plaintiffs have misjoined claims of negligence on the part of Defendant Tiep with claims of breach of contract and "bad faith" against State Farm.

10.   This case arises out of an automobile accident which occurred on July 25, 2013, between a motorcycle driven by James Thompson and a vehicle operated by Hanna Tiep. Plaintiff alleges that Tiep was guilty of negligence and proximately caused the accident which resulted in injury to Thompson.

11.   Plaintiff's Amended Complaint also alleges that State Farm in bad faith failed to pay uninsured motorist insurance contract benefits under auto policies issued by State Farm to and further alleges bad faith in State Farm's investigation of the subject accident.

12.   Clearly these claims are disparate and are deemed by Mississippi courts, both state and federal, to be egregiously misjoined. Under applicable federal law, "misjoinder should not be allowed to defeat diversity jurisdiction". *In Re Benjamin Moore & Co.*, 309 F.3d 296, 296 (5th Cir. 2002).

13.   The failure of joined claims to meet the requirements of Federal Rule of Civil Procedure 20 results in there being misjoinder "even if there is no fraud in the pleadings and the Plaintiff does have the ability to recover against each of the Defendants". *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

14.   This Court has recognized the theory of fraudulent misjoinder. See *Palamero v.*

*Letourneau Tech, Inc*, 542 F. Supp. 2d 499 (S.D. Miss. 2008).

14.     The purported joinder of the Plaintiffs' claims against Tiep are negligence claims while the claims against State Farm are for alleged bad faith breach of contract. Under Mississippi law, such claims "involve different factual issues and different legal issues". See *Hegwood v. Williamson*, 949 So.2d 728,731 (Miss. 2007). Under applicable federal law (with the Court interpreting Mississippi law as applied lo circumstances identical to this case), "[i]l is clear that Mississippi law would prevent the joinder of Plaintiffs claims against [the Defendant driver] and [the Defendant insurance carrier]." *Walker v. Scales and Safeway Ins. Co.*, 2014 WL 670216, 6 (N.D. Miss. Feb. 20, 2014). As further noted in *Walker*, supra, the egregious misjoinder of the Plaintiffs' claims would also "certainly run afoul of Rule 411 of the Federal Rules of Evidence, the language which is almost identical to that of the Mississippi rule. See *Walker*, supra, at 6, n.1. See also *Cartwright v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 6959045 (N.D. Miss. Dec. 8, 2014) (severing and remanding claims against in-state driver from claims for uninsured motorist benefits and bad faith against UM carrier, which the district court retained)

15.     Thus, as shown in *Walker*, supra, the proper procedure for this Court to follow is to sever the claims against Defendant Tiep from the claims against Defendant State Farm based on the egregious misjoinder of those respective claims.

## CONCLUSION

16.     A copy of all process, pleadings and orders previously filed in the County Court of the First Judicial District of Hinds County, Mississippi, is attached hereto as Exhibit "B" to this pleading.

17.     Pursuant to 28 U.S.C.§ 1446 a copy of this Notice of Removal is being mailed to the Clerk of the County Court of the First Judicial District of Hinds County, Mississippi, and written notice of the filing of this Notice or Removal is being given directly to all parties or through their counsel of record.

4

18.     Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the County Court of the First Judicial District of Hinds County, Mississippi.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests this Court to properly assume full jurisdiction over the claims asserted against State Farm, sever Plaintiffs' claims against Hanna Tiep and remand those claims to State Court.

This the 4th of March, 2015.

                                      Respectfully submitted,

                                      STATE FARM MUTUAL AUTOMOBILE
                                      INSURANCE COMPANY

                 BY: _____
                         MICHAEL F. MYERS (MSB #3712)

OF COUNSEL:

CURRIE JOHNSON GRIFFIN & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
FAX: (601) 969-5120
mmyers@curriejohnson.com

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this forward via United States Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

> Melvin L. Pace, Esq.
> The Pace Law Firm
> P. O. Box 13907
> Jackson, Mississippi  39236
>
> William M. Dalehite, Jr.
> P. O. Box 900
> Jackson, MS  39205-0900
>
> Barbara Dunn, Clerk
> Hinds County Circuit Court
> P.O. Box 327
> Jackson, MS 392205-0327

THIS, the ____ day of March, 2015.

_____
MICHAEL F. MYERS