## IN THE COUNTY COURT FOR THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                        **PLAINTIFF**

VS.                               CIVIL ACTION NO. 13-3336

HANNA TIEP; and
STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                     **DEFENDANTS**

### FIRST AMENDED COMPLAINT

**COMES NOW**, Plaintiff James Thompson, and files this First Amended Complaint against the Defendants Hanna Tiep and State Farm Mutual Automobile Insurance Company (hereinafter State Farm).  In support, the Plaintiff would show the following unto the Court:

### PARTIES

1.      Plaintiff, James Thompson is an adult resident citizen of the State of Mississippi, residing at 608 Lexington Cove, Byram, Mississippi.

2.      Defendant Hanna Tiep is an adult resident citizen of the State of Mississippi, who may be served with process of this Court, at her place of abode 307 Mesquaki Drive, Ridgeland, Mississippi 39157.

3.      Defendant State Farm Mutual Automobile Insurance Company is a mutual company registered with the Mississippi Department of Insurance to do business within the state of Mississippi whose headquarters is located at One State Farm Plaza, Bloomington, Illinois 61710.  This Defendant may be served with process of this court through its designated agent for service of process, Mr. John Langcuster, 1107 Highland Colony Parkway, Suite 219, Ridgeland, MS 39157.



## JURISDICTION AND VENUE

4.      This civil action arises out of the negligent acts and omissions of the defendants which was committed in whole or in part in the State of Mississippi against residents of the State of Mississippi.  This Court has jurisdiction over this cause pursuant to §§ 9-9-21, et seq. of the Mississippi Code, 1972, as amended.

5.      Venue is proper in the First Judicial District of Hinds County, Mississippi, pursuant to §§11-11-11 and 11-11-13 of the Mississippi Code, 1972, as amended.

## FACTS

6.      On or about the 25th day of July, 2013, plaintiff was the operator of a motorcycle within Jackson, Hinds County, Mississippi.

7.      On or about the 25th day of July, 2013, Defendant Hanna Tiep was the operator of a Toyota SUV within Jackson, Hinds County, Mississippi.

8.      On or about the 25th day of July, 2013, the Defendant Hanna Tiep made an improper right turn across the Plaintiff's established lane of travel, interrupting and negating the Plaintiff's ability to proceed in his planned direction of travel and negligently caused or allowed said vehicle to collide into the Plaintiff's vehicle.

9.      That said negligence of Defendant Hanna Tiep consisted of:

    a.      Failure to yield the right of way;

    b.      Failure to observe traffic;

    c.      For attempting to cross three lanes of northbound traffic, instead of proceeding to the traffic light at the intersection of Old Canton Road and I-55 northbound frontage road;

    d.      Driving while distracted; and

e. For other negligent acts, omissions, and neglect of duty to

be shown at the trial of this matter.

10.     The negligence and negligence per se of the Defendant on the occasion complained of consisted of breaching all of the aforementioned duties.

11.     Said negligence of the Defendant was the sole and proximate cause of both the collision on the 25th day of July, 2013 at East Frontage Road and Canton Mart Drive, in Hinds County Mississippi, and the Plaintiff's injuries and damages described hereinafter.

## BAD FAITH BREACH OF DUTY TO REASONABLY INVESTIGATE PLAINTIFF'S CLAIMS

12.     At times pertinent, the both the Plaintiff and the Defendant Tiep were insured by State Farm.

13.     On August 1, 2014 and August 2, 2014, the Plaintiff placed State Farm on notice of his claim against the Defendant Tiep and also placed State Farm on notice of his intent to file an Underinsured Motorist claim under his own policies (State Farm Policy Nos. 139 2275-D03-24; 128 1689-A01-24A; 005 8343-A11-24G).

14.     On or about August 1, 2014, Jeremy Lee, a claims adjuster with State Farm took the recorded statements of Ted Barnett and Greggory Sampson, witnesses to the July 25, 2014 accident.

15.     Despite having received notice of the Plaintiff's intent to pursue a liability claim against the defendant Tiep, as well as an Underinsured Motorists claim under his own policies, Lee refused to take a statement from the Plaintiff who at all times had material facts related to fault, causation and damages.

16.     At all times, because both the Plaintiff and the Defendant Tiep were both State Farm insureds and because the Plaintiff too was making claim against the Defendant Tiep and

his own policies, State Farm knew or should have known it had an obligation to bifurcate the investigation of the claims and upon realizing the possibility of a "double with" or "on us" claim. Therefore, State Farm should have reasonably and independently investigated the claims of the Plaintiff as well as the Defendant Tiep.

17.     At all times, State Farm owed a duty to the Plaintiff to properly investigate the claims asserted by both its insureds.

18.     Instead of conducting a thorough and proper investigation of the Plaintiff's claims made against the Defendant Tiep and for payment and benefit under the Plaintiff's own Underinsured Motorists coverage, State Farm elected to act upon one single witness statement to deny the Plaintiff's claims against the Defendant Tiep and refusal to pay benefits to the Plaintiff under the Plaintiff's Underinsured Motorists coverage[1].

19.     However, had State Farm undertook and performed its duty to reasonably investigate the claims asserted by the Plaintiff against the Defendant Tiep, such a reasonable investigation would have revealed the following facts:

      a.     The Plaintiff and Gregg Sampson denied any allegations of speeding or comparative fault on the part of the Plaintiff;

      b.     Prior to the accident, the Plaintiff was stopped for the red light at the intersection of I-55 Northbound Frontage Road and Old Canton Road and was established in his northbound lane of travel;

      c.     The Defendant Tiep attempted to enter the parking lot of the CVS Pharmacy located on Old Canton Road from the I-55 Southbound Frontage Road U-turn lane, which redirects traffic to the I-55 Northbound

---

[1] Sampson's witness statement was taken by State Farm simultaneous with the witness statement of Ted Barnett. Plaintiff contends that State Farm simply went fishing for contrary facts, whether substantiated or not, in order to deny liability for the Plaintiff's damages.

Frontage Road, not to the parking lot of the CVS Pharmacy;

d.    That in attempting to make this maneuver, the Defendant Tiep crossed two northbound lanes on the I-55 Northbound Frontage Road and the turn lane on the I-55 Northbound Frontage Road;

e.    That in attempting this improper maneuver, the Defendant Tiep made an improper right turn across the Plaintiff's established lane of travel, interrupting and negating the Plaintiff's ability to proceed in his planned direction of travel and negligently caused or allowed said vehicle to collide into the Plaintiff's vehicle;

f.    That a physical inspection of the Defendant Tiep's vehicle revealed no physical damage and no physical damage was sustained to her vehicle;

g.    That the Defendant Tiep had no knowledge or facts that could support any contention or allegation that the Plaintiff was speeding prior to the accident or was in any other way contributory to the accident;

h.    That the entire accident happened in the Plaintiff's lane of travel with his motorcycle coming to rest in his established lane of travel and his body came to rest in the lane adjacent to where his motorcycle came to rest;

i.    That the Plaintiff's motorcycle was in first gear from the time of the green light in his permission at the intersection of I-55 Northbound Frontage Road until the accident occurred less than 50 yards away[2];

j.    That there was a duty and need to independently investigate both the liability and Underinsured Motorists claims of the Plaintiff, and;

---

[2] The motorcycle's transmission is stuck in first gear which is the same gear the Plaintiff was in at the time of the accident. First gear is the starting gear allowing the motorcycle to go from the dead stop the plaintiff was in prior to the accident.

k.      For other reasons to be shown at the trial of this matter.

## DAMAGES

20.     Plaintiff realleges and incorporates by reference the allegations above as if set forth in full hereinafter.

21.     As a direct and proximate result of the joint, concurrent, intentional, willful, unlawful, reckless, wanton, grossly negligent, and ordinarily negligent actions and/or the unreasonably dangerous actions of the defendant Tiep, and/or her acts of negligence per se, plaintiff developed severe and painful physical maladies which have continued until present, and are expected to continue into the future.

22.     As a result of defendant Tiep's actions and the resulting injuries caused to him, plaintiff is entitled to recover and hereby demands from the defendant, the damages which he is entitled to recover.

23.     As a further direct and proximate result of the joint, concurrent, intentional, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent actions and/or unreasonably dangerous actions, and/or acts of negligence per se committed by the defendant Tiep, plaintiff has been unable to return to his vocation and has thereby lost wages and benefits.

24.     As a result of the joint, concurrent, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent actions and/or unreasonably dangerous actions of the defendant Tiep, and/or acts of negligence per se committed by the defendant Tiep, plaintiff has suffered great losses, physical pain and suffering, and damages of which he hereby demands damages of and from the defendant Tiep.

25.     Plaintiff is entitled to recover the damages on account of the following, all of which are the direct and proximate result of the negligence of the defendant Tiep:

     a.    the injuries, maladies conditions, damages, losses, pain, suffering, mental anguish, and agony sustained by James Thompson as more particularly described hereinabove;

     b.    the sum which James Thompson, would have received for the wages lost because of the debilitating injuries suffered as a result of the defendant's negligent acts;

     c.    the sum which James Thompson, is entitled to receive for the injuries, maladies conditions, damages, losses, pain, suffering, mental anguish, and agony sustained as a result of the defendants negligent acts;

     d.    the sums which would compensate the plaintiff for the loss of physical tangible property sustained as a result of the defendant's negligent acts;

     e.    the sum which would compensate the plaintiff for past, present and future medical maladies and rehabilitation, including but not limited to vocational and physical rehabilitation; and for all other damages and claims to be shown at trial.

26.    As a direct and proximate result of the joint, concurrent, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent, strict liability actions and/or unreasonably dangerous actions of the defendant, and/or her acts of negligence per se, which proximately caused the physical maladies and conditions of James Thompson, he is entitled to recover all expenses resulting therefrom. The expenses are reasonable and necessary. Plaintiff therefore requests an award of the amount of these expenses.

27.    At all times pertinent, the Defendant State Farm owed the Plaintiff the duty to reasonably investigate both his liability claims against the Defendant Tiep and his claim for

Underinsured Motorists benefits under the Plaintiff's policies.

28.     As a direct and proximate result of the Defendant State Farm's breach of said duties, the Plaintiff has suffered damages to which he is entitled to recover from the Defendant State Farm.

29.     As a direct and proximate result of the joint, concurrent, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent, strict liability actions and/or unreasonably dangerous actions of the defendant State Farm, and/or acts of negligence per se, and bad faith refusal to investigate and bad faith refusal to pay, the Plaintiff is entitled to recover actual and punitive damages in an amount not to exceed the maximum jurisdictional amount of this Court.

**Wherefore,** Plaintiff brings this action for said damages, expenses of and from the Defendants, along with all damages to which he is entitled to recover in an amount in excess of this court's minimum jurisdictional requirements.  Plaintiff further demands actual and punitive damages from the Defendant State Farm in an amount not to exceed the maximum jurisdictional amount of this Court.  Plaintiff requests all other relief appropriate in the premises.

Respectfully submitted,
James Thompson


BY:     /s/Melvin L. Pace
        **Melvin L. Pace,** MSB# 10450
        ATTORNEY FOR PLAINTIFF


OF COUNSEL:
THE PACE LAW FIRM, INC.
310 Edgewood Terrace, Suite A
Post Office Box 13907
Jackson, MS 39236
(601) 981-8004
(601) 981-0155 fax

## CERTIFICATE OF SERVICE

I, Melvin L. Pace, do hereby certify that I have this day delivered via electronic filing with MEC a true and correct copy of the foregoing to:

William M. Dalahite, Jr., Esq.
STEEN DALEHITE & PACE, LLP
Heritage Building, Suite 415
401 E. Capitol Street
Jackson, MS 39205-0900

THIS the 11th day of February, 2015.


BY:   /s/Melvin L. Pace
      **Melvin L. Pace**, MSB# 10450
      ATTORNEY FOR PLAINTIFF



**OF COUNSEL:**
THE PACE LAW FIRM, INC.
310 Edgewood Terrace, Suite A
Post Office Box 13907
Jackson, MS 39236
(601) 981-8004
(601) 981-0155 fax