IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

JAMES E. THOMPSON                                          PLAINTIFF

V.                                          CIVIL ACTION NO. 13-3336

HANNA TIEP AND STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY                                                    DEFENDANTS


        I, BARBARA DUNN, CIRCUIT CLERK, OF THE COUNTY COURT IN AND
FOR THE SAID STATE AND COUNTY, DO HEREBY CERTIFY THAT THE ATTACHED
ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS FILED IN THIS OFFICE
IN THE ABOVE STYLED AND NUMBERED CAUSE, AND AS OF THIS DATE THE
SAME IS OF RECORD IN THIS OFFICE IN DOCKET BOOK NO. 13 PAGE NO.
3336    TO WIT:

        GIVEN UNDER MY HAND AND SEAL OF THIS OFFICE ON THIS THE 2
DAY OF MARCH, 2015.

                        BARBARA DUNN, CIRCUIT CLERK
                        HINDS COUNTY, MISSISSIPPI


                By: M Green



EXHIBIT
B

– 1 –

FILED

AUG 22 2013

BARBARA DUNN, CIRCUIT CLERK
BY_____
D.C

**IN THE COUNTY COURT FOR THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

JAMES E. THOMPSON                                                    **PLAINTIFF**

VS.                            CIVIL ACTION NO.        13-3336

HANNA TIEP                                                          **DEFENDANT**

## COMPLAINT
### (PLAINTIFF DEMANDS TRIAL BY JURY)

**COMES NOW,** Plaintiff James Thompson, by and through counsel, makes and files his

Complaint against the Defendant, Hanna Tiep and in support hereof would show unto the Court the

following, to wit:

### PARTIES

1.      Plaintiff, James Thompson is an adult resident citizen of the State of Mississippi,

residing at 608 Lexington Cove, Byram, Mississippi.

2.      Defendant Hanna Tiep is an adult resident citizen of the State of Mississippi,

who may be served with process of this Court, at her place of abode 307 Mesquaki Drive, Ridgeland,

Mississippi 39157.

### JURISDICTION AND VENUE

3.      This civil action arises out of the negligent acts and omissions of the defendant which

was committed in whole or in part in the State of Mississippi against residents of the State of

Mississippi.  This Court has jurisdiction over this cause pursuant to §§ 9-9-21, et seq. of the

Mississippi Code, 1972, as amended.

4.      Venue is proper in the First Judicial District of Hinds County, Mississippi, pursuant to §§11-11-11 and 11-11-13 of the Mississippi Code, 1972, as amended.

## FACTS

5.      On or about the 25th day of July, 2013, plaintiff was the operator of a motorcycle within Jackson, Hinds County, Mississippi.

6.      On or about the 25th day of July, 2013, Defendant Hanna Tiep was the operator of a Toyota SUV within Jackson, Hinds County, Mississippi.

7.      On or about the 25th day of July, 2013, the Defendant Hanna Tiep attempted to cross three northbound lanes of travel across I-55 north bound frontage road, across and into the Plaintiff's established lane of travel thus negligently causing or allowing her vehicle to collide into the Plaintiff's vehicle.

8.      That said negligence of Defendant Hanna Tiep consisted of:

   a.      Failure to yield the right of way;

   b.      Failure to observe traffic;

   c.      For attempting to cross three lanes of northbound traffic, instead of proceeding to the traffic light at the intersection of Old Canton Road and I-55 northbound frontage road and making the proper left turn when it was safe and permissible to do so;

   d.      Driving while distracted; and

   e.  For other negligent acts, omissions, and neglect of duty to be shown at the trial of this matter.

9.     The negligence and negligence per se of the Defendant on the occasion complained of consisted of breaching all of the aforementioned duties.

10.     Said negligence of the Defendant was the sole and proximate cause of both the collision on the 25th day of July, 2013 at East Frontage Road and Canton Mart Drive, in Hinds County Mississippi, and the Plaintiff's injuries and damages described hereinafter.

## DAMAGES

11.     Plaintiff realleges and incorporates by reference the allegations above as if set forth in full hereinafter.

12.     As a direct and proximate result of the joint, concurrent, intentional, willful, unlawful, reckless, wanton, grossly negligent, and ordinarily negligent actions and/or the unreasonably dangerous actions of the defendant, and/or her acts of negligence per se, plaintiff developed severe and painful physical maladies which have continued until present, and are expected to continue into the future.

13.     As a result of defendant's actions and the resulting injuries caused to him, plaintiff is entitled to recover and hereby demands from the defendant, the damages which he is entitled to recover.

14.     As a further direct and proximate result of the joint, concurrent, intentional, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent actions and/or unreasonably dangerous actions, and/or acts of negligence per se committed by the defendant, plaintiff has been unable to return to his vocation and has thereby lost wages and benefits.

15.     As a result of the joint, concurrent, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent actions and/or unreasonably dangerous actions of the defendant,

and/or acts of negligence per se committed by the defendant, plaintiff has suffered great losses, physical pain and suffering, and damages of which he hereby demands damages of and from the defendant.

16.     Plaintiff is entitled to recover the damages on account of the following, all of which are the direct and proximate result of the negligence of the defendant:

a.     the injuries, maladies conditions, damages, losses, pain, suffering, mental anguish, and agony sustained by James Thompson as more particularly described hereinabove;

b.     the sum which James Thompson, would have received for the wages lost because of the debilitating injuries suffered as a result of the defendant's negligent acts;

c.     the sum which James Thompson, is entitled to receive for the injuries, maladies conditions, damages, losses, pain, suffering, mental anguish, and agony sustained as a result of the defendants negligent acts;

d.     the sums which would compensate the plaintiff for the loss of physical tangible property sustained as a result of the defendant's negligent acts;

e.     the sum which would compensate the plaintiff for past, present and future medical maladies and rehabilitation, including but not limited to vocational and physical rehabilitation; and for all other damages and claims to be shown at trial.

# THE PACE LAW FIRM, INC.

310 Edgewood Terrace
Suite A
Jackson, MS 39206
(601) 981-8004
(601) 981-0155 Fax

**Mailing Address:**
Post Office Box 13907
Jackson, MS 39236-3907
www.thepacelawfirm.com

August 19, 2013

Melvin L. Pace
Attorney and Counselor at Law

Barbara Dunn, Clerk
County Court of Hinds County
First Judicial District
P.O. Box 327
Jackson, MS 39205

Re:   *James Thompson vs. Hanna Tiep*
In the County Court First Judicial District of Hinds County, Mississippi

Dear Ms. Dunn:

Enclosed herewith are the original and one copy of the following documents regarding in the above referenced matter:

### Complaint with Summons attached

Please file the original in your normal course and manner, returning the copy to my office once your "FILED" stamp has been placed thereon. A self-addressed, stamped envelope is enclosed herewith for your convenience in returning the same. Enclosed is our firm's check in the amount of $160.00 for the filing fee.

Additionally, please issue the enclosed Summons, returning the same to our office once it has been issued. Thank you for your assistance in this matter. If you have any questions, please don't hesitate to contact our office.

Sincerely,
**THE PACE LAW FIRM, INC.**

Melvin L. Pace

MLP/jmm
Enclosures

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT

OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                               PLAINTIFF

**F I L E D**

Vs                                                              CAUSE NO. 13-3336

SEP 3 0 2013

HANNA TIEP              BARBARA DUNN, CIRCUIT CLERK            DEFENDANT

BY_____D.C.

## ANSWER OF THE DEFENDANT

The defendant answers as follows:

## FIRST DEFENSE

The defendant respectfully moves this Honorable Court to transfer the venue of this matter to the County Court of Madison County, Mississippi. In support of said motion the defendant would show that she has been sued out of the county of her residence and household in that she is a full-time resident of Ridgeland, Madison County, Mississippi.

## SECOND DEFENSE

Answering, paragraph by paragraph, the defendant says as follows:

1.    The defendant is without knowledge as to the residence of the plaintiff.

2.    The defendant admits the allegations contained in Paragraph No. 2 of the plaintiff's Complaint.

3.    The defendant admits that the accident in question occurred within the State of Mississippi, and other than this admission, the defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph No. 3 of the plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

4.    The defendant denies the allegations contained in Paragraph No. 4 of the plaintiff's Complaint.

5.      The defendant admits the allegations contained in Paragraph No. 5 of the plaintiff's Complaint.

6.      The defendant admits the allegations contained in Paragraph No. 6 of the plaintiff's Complaint.

7.      Other than admitting the date, general location, and that an accident occurred between a vehicle being driven by the defendant and a motorcycle being driven by the plaintiff, the defendant denies the remaining allegations contained in Paragraph No. 7 of the plaintiff's Complaint.

8.      The defendant denies the allegations contained in Paragraph No. 8 and subparagraphs a. through e. of the plaintiff's Complaint.

9.      This defendant denies the allegations contained in Paragraph No. 9 of the plaintiff's Complaint.

10.     The defendant denies the allegations contained in Paragraph No. 10 of the plaintiff's Complaint.

11.     The defendant re-adopts and reaffirms her admissions and denials contained in this her Answer to Paragraph Nos. 1 through 10 of the plaintiff's Complaint.

12.     The defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 12 of the plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

13.     The defendant denies the allegations contained in Paragraph No. 13 of the plaintiff's Complaint.

14.     The defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 14 of the plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

15.  The defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 15 of the plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

16.  The defendant denies the allegations contained in Paragraph No. 16 and subparagraphs a. through e. of the plaintiff's Complaint.

17.  The defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 17 of the plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

The defendant denies that the plaintiff is entitled to a judgment against her for any sum and further denies that the plaintiff is entitled to other relief.

## THIRD DEFENSE

Further, answering by way of affirmative defenses, this defendant would show unto the Court the following:

1.  That at the time and place complained of, she was operating her vehicle in a reasonable and proper manner; that she had her vehicle under reasonable and proper control; and that she was keeping a reasonable and proper lookout for all vehicles in the immediate vicinity; that she had been southbound on the west frontage road and entered the U-turn lane to proceed north on the northbound frontage road, and that she did so in a reasonable and proper manner and when it was safe and proper for her to do so.

2.  That the plaintiff was guilty of negligence in that he was operating his motorcycle at an unsafe and unreasonable rate of speed; that he failed to have his motorcycle under reasonable and proper control; and that he failed to keep a proper lookout for other vehicles within the northbound frontage road lanes of travel.

-3-

3.      That the above acts of negligence on the part of the plaintiff were the sole proximate

cause of the accident in question..

AND NOW, having fully answered the Complaint filed against her herein, this defendant

demands that she be dismissed and discharged with her costs.

Respectfully submitted,

HANNA TIEP, Defendant

By: _____

WILLIAM M. DALEHITE, JR., MSB No. 5566
Attorney for Defendant

OF COUNSEL:

STEEN DALEHITE & PACE, LLP
Suite 415, Heritage Building
401 E. Capitol Street
P.O. Box 900
Jackson, MS 39205-0900
Telephone:      601/969-7054
Facsimile:      601/353-3782

## CERTIFICATE OF SERVICE

I, William M. Dalehite, Jr., hereby certify that I have this date mailed, postage prepaid, a true and
correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236

This the 26th day of September, 2013.

_____

WILLIAM M. DALEHITE, JR.

-4-

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT

OF HINDS COUNTY, MISSISSIPPI

**FILED**

JAMES E. THOMPSON                    SEP 3 0 2013                    PLAINTIFF

Vs                          BARBARA DUNN, CIRCUIT CLERK          CAUSE NO. 13-3336

                            BY_____D.C.

HANNA TIEP                                                    DEFENDANT

## NOTICE OF SERVICE OF DISCOVERY

TO:  ALL COUNSEL OF RECORD

Notice is hereby given, pursuant to Uniform Local Rule 5.1(c), that the defendant, Hanna Tiep, has this day served in the above entitled action:

1)    Defendant's First Set of Interrogatories to the Plaintiff; and

2)    Defendant's Request for Production of Documents and Things to the Plaintiff.

The undersigned retains the original(s) of the above paper(s) as custodian thereof.

Respectfully submitted,

HANNA TIEP, Defendant

By: _____
          WILLIAM M. DALEHITE, JR., MSB No. 5566
          Attorney for Defendant

OF COUNSEL:

**STEEN DALEHITE & PACE, LLP**
Suite 415, Heritage Building
401 E. Capitol Street
P.O. Box 900
Jackson, MS 39205-0900
Telephone:    601/969-7054
Facsimile:    601/353-3782

## CERTIFICATE OF SERVICE

I, William M. Dalehite, Jr., hereby certify that I have this date mailed, postage prepaid, a true and correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236

This the 26th day of September, 2013.

WILLIAM M. DALEHITE, JR.

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT

OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                    PLAINTIFF

Vs                                                          CAUSE NO. 13-3336

HANNA TIEP                                                          DEFENDANT

## NOTICE OF SERVICE OF DISCOVERY

TO:  ALL COUNSEL OF RECORD

  Notice is hereby given, pursuant to Uniform Local Rule 5.1(c), that the defendant, Hanna Tiep,

has this day served in the above entitled action:

  1)  Defendant's Answers to Plaintiff's First Set of Interrogatories.

  The undersigned retains the original(s) of the above paper(s) as custodian thereof.

       Respectfully submitted,

       HANNA TIEP, Defendant


     By: ___ /s/ William M. Dalehite, Jr. _____
       WILLIAM M. DALEHITE, JR., MSB No. 5566
       Attorney for Defendant


OF COUNSEL:

**STEEN DALEHITE & PACE, LLP**
Suite 415, Heritage Building
401 E. Capitol Street
P.O. Box 900
Jackson, MS 39205-0900
Telephone: 601/969-7054
Facsimile: 601/353-3782

## CERTIFICATE OF SERVICE

I, William M. Dalehite, Jr., hereby certify that I have this date delivered via electronic filing with MEC a true and correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236

This the 22nd day of October, 2013.

/s/ William M. Dalehite, Jr.
WILLIAM M. DALEHITE, JR.

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT

OF HINDS COUNTY, MISSISSIPPI

JAMES THOMPSON                                                    PLAINTIFF

VS                                                      CAUSE NO. 13-1533

HANNA TIEP                                                        DEFENDANT

### NOTICE OF SERVICE OF DISCOVERY

Notice is hereby given, that Plaintiff, have this date served in the above entitled action, the following upon:

1.  Plaintiff's Responses to Defendant's First Set of Interrogatories; and
2.  Plaintiff's Responses to Defendant's First Request for Production of Documents.

The undersigned retains the original(s) of the above paper(s) as custodian thereof.

This the _2nd_ day of December, 2013.

Respectfully submitted,

James Thompson

BY: _____

Melvin L. Pace
Attorney for Plaintiff (MSB#10450)

OF COUNSEL:

THE PACE LAW FIRM, INC.
310 Edgewood Terrace, Suite A
Jackson, MS 39206
(601) 981-8004
(601) 981-0155 Fax

## CERTIFICATE OF SERVICE

I, Melvin L. Pace, do hereby certify that I have this day delivered via electronic filing with MEC a true and correct copy of the foregoing to:

William M. Dalahite, Jr., Esq.
STEEN DALEHITE & PACE, LLP
Heritage Building, Suite 415
401 E. Capitol Street
Jackson, MS 39205-0900

THIS the ___2nd___ day of December, 2013.

Melvin L. Pace

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT

OF HINDS COUNTY, MISSISSIPPI

JAMES THOMPSON                                          PLAINTIFF

VS                                               CAUSE NO. 13-3336

HANNA TIEP                                              DEFENDANT

## NOTICE OF SERVICE OF DISCOVERY

Notice is hereby given, that Plaintiff, have this date served in the above entitled action, the following upon:

1.   Plaintiff's Responses to Defendant's First Set of Interrogatories; and
2.   Plaintiff's Responses to Defendant's First Request for Production of Documents.

The undersigned retains the original(s) of the above paper(s) as custodian thereof.

This the _2nd_ day of December, 2013.

                              Respectfully submitted,

                              James Thompson

                              BY: _____
                                  **Melvin L. Pace**
                                  Attorney for Plaintiff (MSB#10450)

OF COUNSEL:

THE PACE LAW FIRM, INC.
310 Edgewood Terrace, Suite A
Jackson, MS 39206
(601) 981-8004
(601) 981-0155 Fax

## CERTIFICATE OF SERVICE

I, Melvin L. Pace, do hereby certify that I have this day delivered via electronic filing with MEC a true and correct copy of the foregoing to:

William M. Dalahite, Jr., Esq.
STEEN DALEHITE & PACE, LLP
Heritage Building, Suite 415
401 E. Capitol Street
Jackson, MS 39205-0900

THIS the _____ day of December, 2013.

_____
Melvin L. Pace

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT

OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                     PLAINTIFF

Vs                                                      CAUSE NO. 13-3336

HANNA TIEP                                                     DEFENDANT

## NOTICE OF SERVICE OF DISCOVERY

TO:  ALL COUNSEL OF RECORD

     Notice is hereby given, pursuant to Uniform Local Rule 5.1(c), that the defendant, Hanna Tiep, has this day served in the above entitled action:

    1)    Defendant Hanna Tiep's Responses to Plaintiff's First Request for Production of Documents.

    The undersigned retains the original(s) of the above paper(s) as custodian thereof.

         Respectfully submitted,

         HANNA TIEP, Defendant


         By: ___/s/ William M. Dalehite, Jr._____
            WILLIAM M. DALEHITE, JR., MSB No. 5566
            Attorney for Defendant


OF COUNSEL:

**STEEN DALEHITE & PACE, LLP**
Suite 415, Heritage Building
401 E. Capitol Street
P.O. Box 900
Jackson, MS 39205-0900
Telephone:    601/969-7054
Facsimile:    601/353-3782

## CERTIFICATE OF SERVICE

I, William M. Dalehite, Jr., hereby certify that I have this date delivered via electronic filing with MEC a true and correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236

This the 16th day of December, 2013.

/s/ William M. Dalehite, Jr.
WILLIAM M. DALEHITE, JR.

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                    PLAINTIFF

Vs                                                          CAUSE NO. 13-3336

HANNA TIEP                                                           DEFENDANT

---

### NOTICE TO TAKE DEPOSITION

---

TO:    All Counsel of Record

PLEASE TAKE NOTICE that pursuant to Rule 30, *Mississippi Rules of Civil Procedure*, and other applicable provisions of said Rules, the undersigned will take the depositions on oral examination of the party listed below, at the time and place set forth herein, before a Notary Public or some other officer authorized by law to administer oaths:

|         |                              |
|---------|------------------------------|
| Name:   | James E. Thompson            |
| Time:   | 3:00 p.m.                    |
| Date:   | April 28, 2014               |
| Place:  | Steen, Dalehite & Pace, LLP  |
|         | Suite 415, Heritage Building |
|         | 401 E. Capitol Street        |
|         | Jackson, MS 39201            |

The oral examination shall continue from day to day until completed. You are notified to appear and take such part in the examination as you deem proper.

Respectfully submitted,

HANNA TIEP, Defendant

By:   /s/ William M. Dalehite, Jr.
      WILLIAM M. DALEHITE, JR., MSB No. 5566
      Attorney for Defendant

OF COUNSEL:

**STEEN DALEHITE & PACE, LLP**
Suite 415, Heritage Building
401 E. Capitol Street
P.O. Box 900
Jackson, MS 39205-0900
Telephone:     601/969-7054
Facsimile:      601/353-3782

<u>**CERTIFICATE OF SERVICE**</u>

    I, William M. Dalehite, Jr., hereby certify that I have this date delivered via electronic filing with MEC a true and correct copy of the foregoing to:

    Melvin L. Pace, Esq.
    The Pace Law Firm
    P. O. Box 13907
    Jackson, MS 39236

    This the 18th day of March, 2014.


               /s/ William M. Dalehite, Jr.
               WILLIAM M. DALEHITE, JR.

## IN THE COUNTY COURT FOR THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                               PLAINTIFF

VS.                                    CIVIL ACTION NO. 13-3336

HANNA TIEP                                                     DEFENDANT

### NOTICE OF DEPOSITION

To:     William M. Dalehite, Jr.
        Steen Dalehite & Pace, LLP
        P.O. Box 900
        Jackson, MS 39205-0900

   **PLEASE TAKE NOTICE** that the plaintiff, by and through the undersigned counsel, will take the oral deposition of the identified person at the following date, place, and time, or at any other date, place and time as agreed upon by the parties:

        PERSON:     Hanna Tiep
        DATE:       Monday, April 28, 2014
        TIME:       2:00 P.M.
        PLACE:      Steen Dalehite & Pace, LLP
                    Heritage Building, Suite 415
                    401 E. Capitol Street
                    Jackson, MS 39201

   **PLEASE TAKE FURTHER NOTICE** that the deposition will continue from day to day until completed and will be taken pursuant to the Mississippi Rules of Civil Procedure for all such uses provided for in the Rules unless otherwise stipulated.

   THIS the 18th day of March, 2014.

                          BY: /s/ Melvin L. Pace
                              MELVIN L. PACE (MSB #10450)

OF COUNSEL:
**THE PACE LAW FIRM, INC.**
310 Edgewood Terrace, Suite A
Jackson, Mississippi 39206
(601) 981-8004

## CERTIFICATE OF SERVICE

I, Melvin L. Pace, hereby certify that I have this day electronically filed the foregoing pleading or other paper with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

William M. Dalehite, Jr.
Steen Dalehite & Pace, LLP
P.O. Box 900
Jackson, MS 39205-0900

DATED: the 18th day of March, 2014.

/s/ Melvin L. Pace
MELVIN L. PACE

Case: 25CO1:13-cv-03336      Document #: 11      Filed: 04/24/2014      Page 1 of 2

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                        PLAINTIFF

Vs                                                              CAUSE NO. 13-3336

HANNA TIEP                                                              DEFENDANT

## SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICER OR OTHER PERSONS AUTHORIZED TO SERVE SUBPOENAS:

WE COMMAND YOU TO SUMMON **Elite Healthcare Alliance, Dr. Joseph Clay, 350 North Mart Plaza Suite B, Jackson, MS 39206,** to produce to William M. Dalehite, Jr., Esq., at the offices of the law firm of Steen Dalehite & Pace, 401 East Capitol Street, Suite 415, Jackson, Mississippi, 39205, the **originals** of the following documents:

Any and all medical records that relate to, arise out of, or involve any examination and/or treatment of **James Thompson, Date of Birth:05.13.62, Social Security No. xxx-xx-9454,** including, but not limited to, transport records, emergency room records, outpatient records, billing statements, narrative reports, office notes, consultations, summaries, tests, test results, laboratory reports, x-ray reports, physical therapy records, prescriptions, diagnoses, prognoses, and any other documents relating or pertaining to the treatment of **James Thompson** for services from 07.25.13 to the present.

These records are to be produced no later than fifteen days from the date you receive this subpoena. In lieu of producing the original records, you may satisfy your obligation under this subpoena by mailing a copy of the requested documents to the above address no later than fifteen days from the date you receive this subpoena. **If you elect to comply with this subpoena by mailing copies of the requested records, please note that you will only be reimbursed for the actual copying and postage charges.**

WITNESS MY SIGNATURE and seal of office, this the 22 day of April, 2014.

By:  _____
Barbara Dunn, Circuit Clerk

(Seal)

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                    PLAINTIFF

Vs                                                          CAUSE NO. 13-3336

HANNA TIEP                                                          DEFENDANT

## SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICER OR OTHER PERSONS AUTHORIZED TO SERVE SUBPOENAS:

WE COMMAND YOU TO SUMMON **American Medical Response South, 530 S. Main Street, Suite 1040, Akron, OH 44311-1010,** to produce to William M. Dalehite, Jr., Esq., at the offices of the law firm of Steen Dalehite & Pace, 401 East Capitol Street, Suite 415, Jackson, Mississippi, 39205, the **originals** of the following documents:

Any and all medical records that relate to, arise out of, or involve any examination and/or treatment of **James Thompson, Date of Birth:05.13.62, Social Security No. xxx-xx-9454,** including, but not limited to, transport records, emergency room records, outpatient records, billing statements, narrative reports, office notes, consultations, summaries, tests, test results, laboratory reports, x-ray reports, physical therapy records, prescriptions, diagnoses, prognoses, and any other documents relating or pertaining to the treatment of **James Thompson** for services rendered on 07.25.13.

These records are to be produced no later than fifteen days from the date you receive this subpoena. In lieu of producing the original records, you may satisfy your obligation under this subpoena by mailing a copy of the requested documents to the above address no later than fifteen days from the date you receive this subpoena. **If you elect to comply with this subpoena by mailing copies of the requested records, please note that you will only be reimbursed for the actual copying and postage charges.**

WITNESS MY SIGNATURE and seal of office, this the 22 day of April, 2014.

By: _____
Barbara Dunn, Circuit Clerk

(Seal)

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                    PLAINTIFF

Vs                                                          CAUSE NO. 13-3336

HANNA TIEP                                                          DEFENDANT

## SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICER OR OTHER PERSONS AUTHORIZED TO SERVE SUBPOENAS:

WE COMMAND YOU TO SUMMON **Timothy M. Quinn, M.D., 768 Avery Blvd N, Ridgeland, MS 39157,** to produce to William M. Dalehite, Jr., Esq., at the offices of the law firm of Steen Dalehite & Pace, 401 East Capitol Street, Suite 415, Jackson, Mississippi, 39205, the **originals** of the following documents:

Any and all medical records that relate to, arise out of, or involve any examination and/or treatment of **James Thompson, Date of Birth:05.13.62, Social Security No. xxx-xx-9454,** including, but not limited to, transport records, emergency room records, outpatient records, billing statements, narrative reports, office notes, consultations, summaries, tests, test results, laboratory reports, x-ray reports, physical therapy records, prescriptions, diagnoses, prognoses, and any other documents relating or pertaining to the treatment of **James Thompson** for services from 07.25.13 to the present.

These records are to be produced no later than fifteen days from the date you receive this subpoena. In lieu of producing the original records, you may satisfy your obligation under this subpoena by mailing a copy of the requested documents to the above address no later than fifteen days from the date you receive this subpoena.  **If you elect to comply with this subpoena by mailing copies of the requested records, please note that you will only be reimbursed for the actual copying and postage charges.**

WITNESS MY SIGNATURE and seal of office, this the _22_ day of April, 2014.

ATTEST A TRUE COPY

APR 22 2014

BARBARA DUNN, CIRCUIT CLERK

BY _____ D.C.

By _____
Barbara Dunn, Circuit Clerk

(Seal)

SUBPOENA REQUESTED BY:

William M. Dalehite, Jr., MSB# 5566
STEEN, DALEHITE & PACE, LLP
401 E. Capitol, Suite 415
Post Office Box 900
Jackson, MS 39205
Tel: (601) 969-7054
Fax: (601) 353-3782


## RETURN

I personally served the foregoing subpoena via U. S. Mail to Dr. Timothy M. Quinn, on the 24th

day of _April_ , 2014.

_____
Process Server

## CERTIFICATE OF SERVICE

I, William M. Dalehite, Jr., hereby certify that I have this date delivered via electronic filing with MEC a true and correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236

This the 24th day of April, 2014.

/s/ William M. Dalehite, Jr.
WILLIAM M. DALEHITE, JR.

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                          PLAINTIFF

Vs                                                          CAUSE NO. 13-3336

HANNA TIEP                                                          DEFENDANT

---

### SUBPOENA DUCES TECUM

---

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICER OR OTHER PERSONS AUTHORIZED TO SERVE SUBPOENAS:

WE COMMAND YOU TO SUMMON **Elite Healthcare Alliance, Dr. Joseph Clay, 350 North Mart Plaza Suite B, Jackson, MS 39206**, to produce to William M. Dalehite, Jr., Esq., at the offices of the law firm of Steen Dalehite & Pace, 401 East Capitol Street, Suite 415, Jackson, Mississippi, 39205, the **originals** of the following documents:

Any and all medical records that relate to, arise out of, or involve any examination and/or treatment of **James Thompson, Date of Birth:05.13.62, Social Security No. xxx-xx-9454**, including, but not limited to, transport records, emergency room records, outpatient records, billing statements, narrative reports, office notes, consultations, summaries, tests, test results, laboratory reports, x-ray reports, physical therapy records, prescriptions, diagnoses, prognoses, and any other documents relating or pertaining to the treatment of **James Thompson** for services from 07.25.13 to the present.

These records are to be produced no later than fifteen days from the date you receive this subpoena. In lieu of producing the original records, you may satisfy your obligation under this subpoena by mailing a copy of the requested documents to the above address no later than fifteen days from the date you receive this subpoena. **If you elect to comply with this subpoena by mailing copies of the requested records, please note that you will only be reimbursed for the actual copying and postage charges.**

WITNESS MY SIGNATURE and seal of office, this the _____ day of April, 2014.

ATTEST A TRUE COPY   By: _____

APR 22 2014                 Barbara Dunn, Circuit Clerk

BARBARA DUNN, CIRCUIT CLERK

D.C.                                                          (Seal)

SUBPOENA REQUESTED BY:

William M. Dalehite, Jr., MSB# 5566
STEEN, DALEHITE & PACE, LLP
401 E. Capitol, Suite 415
Post Office Box 900
Jackson, MS 39205
Tel: (601) 969-7054
Fax: (601) 353-3782

## RETURN

I personally served the foregoing subpoena via U. S. Mail to Elite Healthcare Alliance, Dr. Joseph Clay, on the 24th day of April, 2014.

_____
Process Server

## CERTIFICATE OF SERVICE

I, William M. Dalehite, Jr., hereby certify that I have this date delivered via electronic filing with MEC a true and correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236

This the 24th day of April, 2014.

/s/ William M. Dalehite, Jr.
WILLIAM M. DALEHITE, JR.

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                        PLAINTIFF

Vs                                                      CAUSE NO. 13-3336

HANNA TIEP                                             DEFENDANT

---

### SUBPOENA DUCES TECUM

---

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICER OR OTHER PERSONS AUTHORIZED TO SERVE SUBPOENAS:

WE COMMAND YOU TO SUMMON **American Medical Response South, 530 S. Main Street, Suite 1040, Akron, OH 44311-1010,** to produce to William M. Dalehite, Jr., Esq., at the offices of the law firm of Steen Dalehite & Pace, 401 East Capitol Street, Suite 415, Jackson, Mississippi, 39205, the **originals** of the following documents:

> Any and all medical records that relate to, arise out of, or involve any examination and/or treatment of **James Thompson,** Date of Birth:05.13.62, Social Security No. xxx-xx-9454, including, but not limited to, transport records, emergency room records, outpatient records, billing statements, narrative reports, office notes, consultations, summaries, tests, test results, laboratory reports, x-ray reports, physical therapy records, prescriptions, diagnoses, prognoses, and any other documents relating or pertaining to the treatment of **James Thompson** for services rendered on 07.25.13.

These records are to be produced no later than fifteen days from the date you receive this subpoena. In lieu of producing the original records, you may satisfy your obligation under this subpoena by mailing a copy of the requested documents to the above address no later than fifteen days from the date you receive this subpoena. **If you elect to comply with this subpoena by mailing copies of the requested records, please note that you will only be reimbursed for the actual copying and postage charges.**

WITNESS MY SIGNATURE and seal of office, this the ____ day of April, 2014.

By: _____
Barbara Dunn, Circuit Clerk

(Seal)

ATTEST A TRUE COPY

APR 22 2014

BARBARA DUNN, CIRCUIT CLERK
By _____ D.C.

SUBPOENA REQUESTED BY:

William M. Dalehite, Jr., MSB# 5566
STEEN, DALEHITE & PACE, LLP
401 E. Capitol, Suite 415
Post Office Box 900
Jackson, MS 39205
Tel: (601) 969-7054
Fax: (601) 353-3782

## RETURN

I personally served the foregoing subpoena via U. S. Mail to American Medical Response South on the _24th_ day of _April_, 2014.

_____
Process Server

## CERTIFICATE OF SERVICE

I, William M. Dalehite, Jr., hereby certify that I have this date delivered via electronic filing with MEC a true and correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236

This the _24th_ day of April, 2014.

/s/ William M. Dalehite, Jr.
WILLIAM M. DALEHITE, JR.

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT

OF HINDS COUNTY, MISSISSIPPI

JAMES THOMPSON                                                    PLAINTIFF

VS                                                        CAUSE NO. 13-3336

HANNA TIEP                                                       DEFENDANT

## NOTICE OF SERVICE OF DISCOVERY

      Notice is hereby given, that Plaintiff, have this date served in the above entitled action, the following:

      Plaintiff's Supplemental Response to Defendants' First Set of Request for Production of Documents.

      This the 25th day of April, 2014.

                Respectfully submitted,

                James Thompson

                BY: /s/ Melvin L. Pace_____
                  **Melvin L. Pace**
                  Attorney for Plaintiff (MSB#10450)

OF COUNSEL:

**THE PACE LAW FIRM, INC.**
310 Edgewood Terrace, Suite A
Jackson, MS 39206
(601) 981-8004
(601) 981-0155 Fax

## CERTIFICATE OF SERVICE

I, Melvin L. Pace, do hereby certify that I have this day delivered via electronic filing with MEC a true and correct copy of the foregoing to:

William M. Dalahite, Jr., Esq.
STEEN DALEHITE & PACE, LLP
Heritage Building, Suite 415
401 E. Capitol Street
Jackson, MS 39205-0900

THIS the 25th day of April, 2014.

/s/ Melvin L. Pace
Melvin L. Pace

Case: 25CO1:13-cv-03336   Document #: 16   Filed: 05/16/2014   Page 1 of 2

## IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                    PLAINTIFF

Vs                                                         CAUSE NO. 13-3336

HANNA TIEP                                                          DEFENDANT

---

### SUBPOENA DUCES TECUM

---

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICER OR OTHER PERSONS AUTHORIZED TO SERVE SUBPOENAS:

WE COMMAND YOU TO SUMMON **Mississippi Department of Public Safety, 1900 E. Woodrow Wilson Avenue, Jackson, Mississippi 39216,** to produce to J. Seth McCoy, Esq., at the offices of the law firm of Steen Dalehite & Pace, 401 East Capitol Street, Suite 415, Jackson, Mississippi, 39205, the **originals** of the following documents:

The full and complete driving record of **James Thompson, Date of Birth:05.13.62, Social Security No. xxx-xx-9454** from July 24, 2003 up to and including July 25, 2013.

These records are to be produced no later than fifteen days from the date you receive this subpoena. In lieu of producing the original records, you may satisfy your obligation under this subpoena by mailing a copy of the requested documents to the above address no later than fifteen days from the date you receive this subpoena. **If you elect to comply with this subpoena by mailing copies of the requested records, please note that you will only be reimbursed for the actual copying and postage charges.**

WITNESS MY SIGNATURE and seal of office, this the ___15___ day of May, 2014.

By: _____

Barbara Dunn, Circuit Clerk

(Seal)

SUBPOENA REQUESTED BY:

William M. Dalehite, Jr., MSB# 5566
STEEN, DALEHITE & PACE, LLP
401 E. Capitol, Suite 415
Post Office Box 900
Jackson, MS 39205
Tel: (601) 969-7054
Fax: (601) 353-3782

## RETURN

I personally served the foregoing subpoena via U. S. Mail to Mississippi Department of Public Safety on the _____ day of _____, 2014.

_____
Process Server

## CERTIFICATE OF SERVICE

I, J. Seth McCoy, hereby certify that I have this date delivered  via electronic filing with MEC a true and correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236

This the _____ day of May, 2014.

_/s/ J. Seth McCoy_____
J. SETH McCOY

### IN THE COUNTY COURT FOR THE FIRST JUDICIAL DISTRICT
### OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                          PLAINTIFF

VS.                                         CIVIL ACTION NO. 13-3336

HANNA TIEP; and
STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                  DEFENDANTS

**FILED**

**FEB 10 2015**

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

---

### AGREED ORDER ALLOWING PLAINTIFF TO FILE AND SERVE
### FIRST AMENDED COMPLAINT

---

**THIS CAUSE** is before the Court by agreement of the parties seeking an Order allowing the Plaintiff to file and serve his First Amended Complaint upon the Defendant.

**THE COURT** being advised in the premises finds the motion well taken.

**IT IS THEREFORE ORDERED** that the Plaintiff shall amend, file and serve his First Amended Complaint upon counsel for the Defendant and the same shall file their answers and defenses in this cause within the time and manner prescribed in MRCP.

**SO ORDERED**, this the _10th_ day of February, 2015.

_____
Hinds County Court Judge

Agreed to form and content:

_____
Melvin L. Pace, MSB#10450
Counsel for Plaintiff
**THE PACE LAW FIRM, INC.**
P.O. Box 13907
Jackson, MS 39236

_____
William M. Dalehite
Counsel for Defendant Tiep
Steen, Dalehite & Pace
Heritage Building, Suite 415
401 E. Capitol Street
Jackson, MS 39205-0900

IN THE COUNTY COURT FOR THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 13-3336

HANNA TIEP; and
STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                         DEFENDANTS

### FIRST AMENDED COMPLAINT

**COMES NOW,** Plaintiff James Thompson, and files this First Amended Complaint

against the Defendants Hanna Tiep and State Farm Mutual Automobile Insurance Company

(hereinafter State Farm).  In support, the Plaintiff would show the following unto the Court:

### PARTIES

1.      Plaintiff, James Thompson is an adult resident citizen of the State of Mississippi,

residing at 608 Lexington Cove, Byram, Mississippi.

2.      Defendant Hanna Tiep is an adult resident citizen of the State of Mississippi,

who may be served with process of this Court, at her place of abode 307 Mesquaki Drive,

Ridgeland, Mississippi 39157.

3.      Defendant State Farm Mutual Automobile Insurance Company is a mutual

company registered with the Mississippi Department of Insurance to do business within the state

of Mississippi whose headquarters is located at One State Farm Plaza, Bloomington, Illinois

61710.  This Defendant may be served with process of this court through its designated agent for

service of process, Mr. John Langcuster, 1107 Highland Colony Parkway, Suite 219, Ridgeland,

MS  39157.

## JURISDICTION AND VENUE

4.      This civil action arises out of the negligent acts and omissions of the defendants which was committed in whole or in part in the State of Mississippi against residents of the State of Mississippi.  This Court has jurisdiction over this cause pursuant to §§ 9-9-21, et seq. of the Mississippi Code, 1972, as amended.

5.      Venue is proper in the First Judicial District of Hinds County, Mississippi, pursuant to §§11-11-11 and 11-11-13 of the Mississippi Code, 1972, as amended.

## FACTS

6.      On or about the 25th day of July, 2013, plaintiff was the operator of a motorcycle within Jackson, Hinds County, Mississippi.

7.      On or about the 25th day of July, 2013, Defendant Hanna Tiep was the operator of a Toyota SUV within Jackson, Hinds County, Mississippi.

8.      On or about the 25th day of July, 2013, the Defendant Hanna Tiep made an improper right turn across the Plaintiff's established lane of travel, interrupting and negating the Plaintiff's ability to proceed in his planned direction of travel and negligently caused or allowed said vehicle to collide into the Plaintiff's vehicle.

9.      That said negligence of Defendant Hanna Tiep consisted of:

     a.      Failure to yield the right of way;

     b.      Failure to observe traffic;

     c.      For attempting to cross three lanes of northbound traffic, instead of proceeding to the traffic light at the intersection of Old Canton Road and I-55 northbound frontage road;

     d.      Driving while distracted; and

e. For other negligent acts, omissions, and neglect of duty to

be shown at the trial of this matter.

10.    The negligence and negligence per se of the Defendant on the occasion complained of consisted of breaching all of the aforementioned duties.

11.    Said negligence of the Defendant was the sole and proximate cause of both the collision on the 25th day of July, 2013 at East Frontage Road and Canton Mart Drive, in Hinds County Mississippi, and the Plaintiff's injuries and damages described hereinafter.

## BAD FAITH BREACH OF DUTY TO REASONABLY INVESTIGATE PLAINTIFF'S CLAIMS

12.    At times pertinent, the both the Plaintiff and the Defendant Tiep were insured by State Farm.

13.    On August 1, 2014 and August 2, 2014, the Plaintiff placed State Farm on notice of his claim against the Defendant Tiep and also placed State Farm on notice of his intent to file an Underinsured Motorist claim under his own policies (State Farm Policy Nos. 139 2275-D03-24; 128 1689-A01-24A; 005 8343-A11-24G).

14.    On or about August 1, 2014, Jeremy Lee, a claims adjuster with State Farm took the recorded statements of Ted Barnett and Greggory Sampson, witnesses to the July 25, 2014 accident.

15.    Despite having received notice of the Plaintiff's intent to pursue a liability claim against the defendant Tiep, as well as an Underinsured Motorists claim under his own policies, Lee refused to take a statement from the Plaintiff who at all times had material facts related to fault, causation and damages.

16.    At all times, because both the Plaintiff and the Defendant Tiep were both State Farm insureds and because the Plaintiff too was making claim against the Defendant Tiep and

his own policies, State Farm knew or should have known it had an obligation to bifurcate the investigation of the claims and upon realizing the possibility of a "double with" or "on us" claim. Therefore, State Farm should have reasonably and independently investigated the claims of the Plaintiff as well as the Defendant Tiep.

17. At all times, State Farm owed a duty to the Plaintiff to properly investigate the claims asserted by both its insureds.

18. Instead of conducting a thorough and proper investigation of the Plaintiff's claims made against the Defendant Tiep and for payment and benefit under the Plaintiff's own Underinsured Motorists coverage, State Farm elected to act upon one single witness statement to deny the Plaintiff's claims against the Defendant Tiep and refusal to pay benefits to the Plaintiff under the Plaintiff's Underinsured Motorists coverage[1].

19. However, had State Farm undertook and performed its duty to reasonably investigate the claims asserted by the Plaintiff against the Defendant Tiep, such a reasonable investigation would have revealed the following facts:

a. The Plaintiff and Gregg Sampson denied any allegations of speeding or comparative fault on the part of the Plaintiff;

b. Prior to the accident, the Plaintiff was stopped for the red light at the intersection of I-55 Northbound Frontage Road and Old Canton Road and was established in his northbound lane of travel;

c. The Defendant Tiep attempted to enter the parking lot of the CVS Pharmacy located on Old Canton Road from the I-55 Southbound Frontage Road U-turn lane, which redirects traffic to the I-55 Northbound

---

[1] Sampson's witness statement was taken by State Farm simultaneous with the witness statement of Ted Barnett. Plaintiff contends that State Farm simply went fishing for contrary facts, whether substantiated or not, in order to deny liability for the Plaintiff's damages.

Frontage Road, not to the parking lot of the CVS Pharmacy;

d.   That in attempting to make this maneuver, the Defendant Tiep crossed two northbound lanes on the I-55 Northbound Frontage Road and the turn lane on the I-55 Northbound Frontage Road;

e.   That in attempting this improper maneuver, the Defendant Tiep made an improper right turn across the Plaintiff's established lane of travel, interrupting and negating the Plaintiff's ability to proceed in his planned direction of travel and negligently caused or allowed said vehicle to collide into the Plaintiff's vehicle;

f.   That a physical inspection of the Defendant Tiep's vehicle revealed no physical damage and no physical damage was sustained to her vehicle;

g.   That the Defendant Tiep had no knowledge or facts that could support any contention or allegation that the Plaintiff was speeding prior to the accident or was in any other way contributory to the accident;

h.   That the entire accident happened in the Plaintiff's lane of travel with his motorcycle coming to rest in his established lane of travel and his body came to rest in the lane adjacent to where his motorcycle came to rest;

i.   That the Plaintiff's motorcycle was in first gear from the time of the green light in his permission at the intersection of I-55 Northbound Frontage Road until the accident occurred less than 50 yards away[2];

j.   That there was a duty and need to independently investigate both the liability and Underinsured Motorists claims of the Plaintiff, and;

---

[2] The motorcycle's transmission is stuck in first gear which is the same gear the Plaintiff was in at the time of the accident. First gear is the starting gear allowing the motorcycle to go from the dead stop the plaintiff was in prior to the accident.

k.      For other reasons to be shown at the trial of this matter.

## DAMAGES

20.      Plaintiff realleges and incorporates by reference the allegations above as if set forth in full hereinafter.

21.      As a direct and proximate result of the joint, concurrent, intentional, willful, unlawful, reckless, wanton, grossly negligent, and ordinarily negligent actions and/or the unreasonably dangerous actions of the defendant Tiep, and/or her acts of negligence per se, plaintiff developed severe and painful physical maladies which have continued until present, and are expected to continue into the future.

22.      As a result of defendant Tiep's actions and the resulting injuries caused to him, plaintiff is entitled to recover and hereby demands from the defendant, the damages which he is entitled to recover.

23.      As a further direct and proximate result of the joint, concurrent, intentional, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent actions and/or unreasonably dangerous actions, and/or acts of negligence per se committed by the defendant Tiep, plaintiff has been unable to return to his vocation and has thereby lost wages and benefits.

24.      As a result of the joint, concurrent, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent actions and/or unreasonably dangerous actions of the defendant Tiep, and/or acts of negligence per se committed by the defendant Tiep, plaintiff has suffered great losses, physical pain and suffering, and damages of which he hereby demands damages of and from the defendant Tiep.

25.      Plaintiff is entitled to recover the damages on account of the following, all of which are the direct and proximate result of the negligence of the defendant Tiep:

a.    the injuries, maladies conditions, damages, losses, pain, suffering, mental anguish, and agony sustained by James Thompson as more particularly described hereinabove;

b.    the sum which James Thompson, would have received for the wages lost because of the debilitating injuries suffered as a result of the defendant's negligent acts;

c.    the sum which James Thompson, is entitled to receive for the injuries, maladies conditions, damages, losses, pain, suffering, mental anguish, and agony sustained as a result of the defendants negligent acts;

d.    the sums which would compensate the plaintiff for the loss of physical tangible property sustained as a result of the defendant's negligent acts;

e.    the sum which would compensate the plaintiff for past, present and future medical maladies and rehabilitation, including but not limited to vocational and physical rehabilitation; and for all other damages and claims to be shown at trial.

26.    As a direct and proximate result of the joint, concurrent, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent, strict liability actions and/or unreasonably dangerous actions of the defendant, and/or her acts of negligence per se, which proximately caused the physical maladies and conditions of James Thompson, he is entitled to recover all expenses resulting therefrom. The expenses are reasonable and necessary. Plaintiff therefore requests an award of the amount of these expenses.

27.    At all times pertinent, the Defendant State Farm owed the Plaintiff the duty to reasonably investigate both his liability claims against the Defendant Tiep and his claim for

Underinsured Motorists benefits under the Plaintiff's policies.

28.   As a direct and proximate result of the Defendant State Farm's breach of said duties, the Plaintiff has suffered damages to which he is entitled to recover from the Defendant State Farm.

29.   As a direct and proximate result of the joint, concurrent, willful, unlawful, reckless, wanton, grossly negligent, ordinarily negligent, strict liability actions and/or unreasonably dangerous actions of the defendant State Farm, and/or acts of negligence per se, and bad faith refusal to investigate and bad faith refusal to pay, the Plaintiff is entitled to recover actual and punitive damages in an amount not to exceed the maximum jurisdictional amount of this Court.

**Wherefore,** Plaintiff brings this action for said damages, expenses of and from the Defendants, along with all damages to which he is entitled to recover in an amount in excess of this court's minimum jurisdictional requirements.  Plaintiff further demands actual and punitive damages from the Defendant State Farm in an amount not to exceed the maximum jurisdictional amount of this Court.  Plaintiff requests all other relief appropriate in the premises.

Respectfully submitted,
James Thompson


BY:   /s/Melvin L. Pace
**Melvin L. Pace,** MSB# 10450
ATTORNEY FOR PLAINTIFF


**OF COUNSEL:**
**THE PACE LAW FIRM, INC.**
310 Edgewood Terrace, Suite A
Post Office Box 13907
Jackson, MS 39236
(601) 981-8004
(601) 981-0155 fax

## CERTIFICATE OF SERVICE

I, Melvin L. Pace, do hereby certify that I have this day delivered via electronic filing with MEC a true and correct copy of the foregoing to:

William M. Dalahite, Jr., Esq.
STEEN DALEHITE & PACE, LLP
Heritage Building, Suite 415
401 E. Capitol Street
Jackson, MS 39205-0900

THIS the 11th day of February, 2015.

BY:     /s/Melvin L. Pace
        **Melvin L. Pace,** MSB# 10450
        ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**THE PACE LAW FIRM, INC.**
310 Edgewood Terrace, Suite A
Post Office Box 13907
Jackson, MS 39236
(601) 981-8004
(601) 981-0155 fax

## IN THE COUNTY COURT FOR THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                               **PLAINTIFF**

VS.                                          CIVIL ACTION NO. 13-3336

HANNA TIEP; and
STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                               **DEFENDANTS**

# SUMMONS

STATE OF MISSISSIPPI
COUNTY OF HINDS

  **TO: Hannah Tiep**
    **c/o William M. Dalehite, Jr.**
    **STEEN DALEHITE & PACE, LLP**
    **Heritage Building, Suite 415**
    **401 E. Capitol Street**
    **Jackson, MS 39205-0900**

### NOTICE TO DEFENDANT

### THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
### MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS

  You are required to mail or hand-deliver a copy of a written response to the First Amended Complaint to Melvin L. Pace, the attorney for the Plaintiffs, whose address is The Pace Law Firm, Inc., 310 Edgewood Terrace, Suite A, Jackson, Mississippi 39206.   Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

  You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

  ISSUED UNDER MY HAND AND SEAL OF THIS COURT this the *13* day of *February*, 20*15*

      Barbara Dunn, CIRCUIT CLERK
      Hinds County, Mississippi

(SEAL)      BY: _____

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT

OF HINDS COUNTY, MISSISSIPPI

JAMES E. THOMPSON                                                    PLAINTIFF

Vs                                                              CAUSE NO. 13-3336

HANNA TIEP And STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                    DEFENDANTS

### SEPARATE ANSWER OF THE DEFENDANT HANNA TIEP
### TO THE FIRST AMENDED COMPLAINT

Comes now the defendant, Hanna Tiep, by and through counsel, and files this her Separate Answer to the First Amended Complaint and says as follows:

### FIRST DEFENSE

This defendant respectfully moves this Honorable Court to transfer the venue of this matter to the County Court of Madison County, Mississippi. In support of said motion the defendant would show that she has been sued out of the county of her residence and household in that she is a full-time resident of Ridgeland, Madison County, Mississippi.

### SECOND DEFENSE

Answering, paragraph by paragraph, this defendant says as follows:

1.      This defendant admits the allegations contained in Paragraph No. 1 of the plaintiff's First Amended Complaint.

2.      This defendant admits the allegations contained in Paragraph No. 2 of the plaintiff's First Amended Complaint.

3.      The allegations contained in Paragraph No. 3 of the plaintiff's First Amended Complaint do not pertain to this defendant and therefore no answer is required.

4.      Other than admitting that the accident in question occurred in the State of Mississippi, this defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph No. 4 of the plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

5.       Other than admitting that the accident in question occurred in the State of Mississippi, this defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph No. 5 of the plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

6.       This defendant admits the allegations contained in Paragraph No. 6 of the plaintiff's First Amended Complaint.

7.       This defendant admits the allegations contained in Paragraph No. 7 of the plaintiff's First Amended Complaint.

8.       Other than admitting the date and that an accident occurred between a vehicle being driven by this defendant and a vehicle being driven by the plaintiff, this defendant denies the remaining allegations contained in Paragraph No. 8 of the plaintiff's First Amended Complaint.

9.       This defendant denies the allegations contained in Paragraph No. 9 and subparagraphs a. through e. of the plaintiff's First Amended Complaint.

10.      This defendant denies the allegations contained in Paragraph No. 10 of the plaintiff's First Amended Complaint.

11.      This defendant denies the allegations contained in Paragraph No. 11 of the plaintiff's First Amended Complaint.

12.      This defendant admits the allegations contained in Paragraph No. 12 of the plaintiff's First Amended Complaint.

13.      The allegations contained in Paragraph No. 13 of the plaintiff's First Amended Complaint do not pertain to this defendant and therefore no answer is required.

14.      The allegations contained in Paragraph No. 14 of the plaintiff's First Amended Complaint do not pertain to this defendant and therefore no answer is required.

15.      The allegations contained in Paragraph No. 15 of the plaintiff's First Amended Complaint do not pertain to this defendant and therefore no answer is required.

16.     Other than admitting that this defendant was insured by State Farm, the remaining allegations contained in Paragraph No. 16 of the plaintiff's First Amended Complaint do not pertain to this defendant, and therefore no answer is required.

17.     The allegations contained in Paragraph No. 17 of the plaintiff First Amended Complaint do not pertain to this defendant, and therefore no answer is required.

18.     The allegations contained in Paragraph No. 18 of the plaintiff' First Amended Complaint do not pertain to this defendant, and therefore no answer is required.

19.     Insofar as the allegations contained in Paragraph No. 19 of the plaintiff's First Amended Complaint pertain to this defendant, this defendant admits that she was attempting to enter the parking lot of the CVS Pharmacy located on the I-55 northbound frontage road; that this defendant crossed two northbound lanes and a turn lane of the northbound frontage road; that there was not any physical damage sustained to this defendant's vehicle; and other than these admissions, this defendant denies the remaining allegations that are directed to her in Paragraph No. 19, and as to the other allegations that are directed to the co-defendant, this defendant states that they do not pertain to her.

20.     This defendant re-adopts and reaffirms her admissions and denials contained in this her Answer to Paragraph Nos. 1 through 19 of the plaintiff's First Amended Complaint.

21.     This defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 21 of the plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

22.     This defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 22 of the plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

23.     This defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 23 of the plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

24.     This defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 24 of the plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

25.     This defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 25 and subparagraphs a. through e. of the plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

26.     This defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 26 of the plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

27.     The allegations contained in Paragraph No. 27 of the plaintiff's First Amended Complaint do not pertain to this defendant, and therefore no answer is required.

28.     The allegations contained in Paragraph No. 28 of the plaintiff's First Amended Complaint do not pertain to this defendant, and therefore no answer is required.

29.     The allegations contained in Paragraph No. 29 of the plaintiff's First Amended Complaint do not pertain to this defendant, and therefore no answer is required.

The defendant denies that the plaintiff is entitled to any judgment against her, and specifically denies that the plaintiff's is entitled to other relief.

**THIRD DEFENSE**

Further, answering by way of affirmative defenses, this defendant would show unto the Court the following:

1.     That at the time and place complained of she was operating her vehicle in a reasonable and proper manner; that she had her vehicle under reasonable and proper control; and that she was keeping a reasonable and proper lookout for all vehicles in the immediate vicinity; that she had been southbound on the west frontage road and entered the U-turn lane to proceed north on the northbound frontage road, and that she did so in a reasonable and proper manner and when it was safe and proper for her to do so.

-4-

2.    That the plaintiff was guilty of negligence in that he was operating his motorcycle at an unsafe and unreasonable rate of speed; that he failed to have his motorcycle under reasonable and proper control; and that he failed to keep a proper lookout for other vehicles within the northbound frontage road lanes of travel.

3.    That the above acts of negligence on the part of the plaintiff were the sole proximate  cause of the accident in question.

AND NOW, having fully answered the First Amended Complaint filed against her herein, this defendant demands that she be dismissed and discharged with her costs.

Respectfully submitted,

HANNA TIEP, Defendant


By:   /s/ *William M. Dalehite, Jr.*
          WILLIAM M. DALEHITE, JR., MSB No. 5566
          Attorney for Defendant

OF COUNSEL:

**STEEN DALEHITE & PACE, LLP**
Suite 415, Heritage Building
401 E. Capitol Street
P.O. Box 900
Jackson, MS 39205-0900
Telephone:       601/969-7054
Facsimile:       601/353-3782

<u>**CERTIFICATE OF SERVICE**</u>

I, William M. Dalehite, Jr., hereby certify that I have this date served, via MEC filing system, a true and correct copy of the foregoing to:

Melvin L. Pace, Esq.
The Pace Law Firm
P. O. Box 13907
Jackson, MS 39236
mpace@thepacelawfirm.com

This the 16th day of February, 2015.


*William M. Dalehite, Jr.*
WILLIAM M. DALEHITE, JR.